FILED
at___O'clock &___min.___M
MAR 18 2011
United States Bankruptcy Court
Columbia, South Carolina (6)

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Mark Steinmetz and<br>ACC Builders, LLC,<br><br><br><br>Debtor(s). | C/A No. 07-00628 &<br>C/A No. 07-00579<br>(Joint Administration)<br><br>Adv. Pro. No. 10-80177 |
| Mark Steinmetz and<br>ACC Builders, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>Robert Cooper and The Cooper Law Firm,<br><br>Defendant(s). | Chapter 11<br><br>**ORDER** |

This matter comes before the Court on the Motion to Dismiss Plaintiffs' Complaint filed by Robert Cooper and the Cooper Law Firm ("Defendants"), which seeks dismissal of this case with prejudice on the grounds that Plaintiffs failed to file an expert affidavit with the Complaint and failed to state a claim upon which relief can be granted. Mark Steinmetz and ACC Builders, LLC ("Plaintiffs") responded in opposition to the Motion to Dismiss and have filed a Motion to Amend Complaint in order to file an expert affidavit. Defendants filed an objection to the Motion to Amend. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.[1] This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Pursuant to Fed. R. Civ. P. 52, which

---

[1] See Grausz v. Englander, 321 F.3d 467 (4th Cir. 2003) ("An adversary proceeding brought by a debtor to assert a malpractice claim against his bankruptcy lawyer is a case that falls within a bankruptcy court's core jurisdiction under 28 U.S.C. § 157)

ENTERED
MAR 18 2011

is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On February 4, 2007, ACC Builders, LLC, filed a voluntary petition for bankruptcy relief under Chapter 11 of the Bankruptcy Code. The petition was signed by Mark Steinmetz in his capacity as Manager and Sole Owner of ACC Builders, LLC. On February 5, 2007, Mark Steinmetz and Karen Steinmetz filed a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[2]

2. Plaintiffs employed Defendants as counsel for the Debtors-In-Possession, and the Bankruptcy Court approved Defendants' employment by order entered on March 13, 2007.

3. On June 27, 2007, Jackson L. Cobb ("Trustee") was appointed as the Chapter 11 Trustee for both cases. The cases were fully administered by the Trustee and were closed by orders entered in each case on July 9, 2008.

4. Thereafter, Mark Steinmetz ("Steinmetz") commenced a lawsuit against Defendants in the South Carolina Court of Common Pleas (the "State Court"), alleging causes of action for negligent misrepresentation, fraud, unfair trade practices, legal malpractice, breach of fiduciary duty, intentional infliction of emotional distress, and claims for damages, based on Defendants' representation during the course of the bankruptcy cases ("the First State Court Action").

5. On September 25, 2009, the State Court dismissed Steinmetz's complaint without prejudice based on Steinmetz's failure to file an expert affidavit

---

[2] By order entered October 24, 2007, the Court authorized the joint administration and procedural consolidation of the two cases.

contemporaneously with the filing of his complaint as required by S.C. Code Ann. § 15-36-100.

6. Thereafter, Steinmetz commenced a second lawsuit against Defendants in State Court ("Second State Court Action").

7. On July 6, 2010, Judge Edward W. Miller, Circuit Court Judge for the Thirteenth Judicial Circuit, dismissed the Second State Court Action, citing lack of subject matter jurisdiction due to Steinmetz's failure to obtain leave of the United States Bankruptcy Court before filing his lawsuit in State Court.

8. On August 31, 2010, Plaintiffs filed a motion seeking to reopen their bankruptcy cases and requesting leave of the Bankruptcy Court to pursue the malpractice lawsuit in state court.

9. On October 18, 2010, the cases were transferred to the undersigned as a result of the recusal of Judge Helen E. Burris based upon the allegations set forth in the malpractice lawsuit.

10. On November 12, 2010, the Court entered an order granting Plaintiffs' motion to reopen their bankruptcy cases. However, the Court denied Plaintiffs' motion to the extent it sought leave of this Court to pursue the malpractice lawsuit in state court, finding that the Bankruptcy Court was the appropriate forum for Plaintiffs to bring such claims. The Court gave Plaintiffs 30 days to commence adversary proceedings against Defendants in the Bankruptcy Court. The Court also required the reappointment of the Chapter 11 Trustee and requested that he review any complaints filed and file a report with the Court.

11. On December 10, 2010, Plaintiffs commenced this adversary proceeding by filing a Complaint against Defendants, alleging causes of action for legal malpractice, intentional infliction of emotional distress, breach of fiduciary duty, fraud and misrepresentation, and negligence. However, Plaintiffs failed to attach an expert affidavit as required by S.C. Code Ann. § 15-36-100.

12. Defendants filed the subject Motion to Dismiss Case with Prejudice on December 30, 2010.

13. On January 6, 2011, Plaintiffs filed a Motion to Amend Complaint in order to file the expert affidavit.

14. At the hearing on the Motion to Dismiss and Motion to Amend, Plaintiffs' counsel informed the Court that the failure to attach an expert affidavit was the result of mistake. Plaintiffs' counsel did not have an expert affidavit prepared at the time of the hearing.

15. The Trustee filed a statement of position regarding this adversary proceeding on February 17, 2011, which indicated his belief that the claims contained in the Complaint are assets of the reopened Chapter 11 Estates and that any recoveries obtained in the adversary proceeding should be declared to be property of the Estates, and requested that the Court declare the Estates to be the proper parties in interest in the adversary proceeding.

16. On February 24, 2011, the Court requested the parties to submit briefs on the issues of whether the claims asserted in the adversary proceeding are property of the Estates and who is the proper party in interest to assert such claims.

## CONCLUSIONS OF LAW

**I.     Motion to Dismiss Based on Failure to Comply with S.C. Code § 15-30-100.**

Defendants first argue that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to file an expert affidavit in accordance with S.C. Code Ann. § 15-36-100.[3] This section provides, in pertinent part:

> (B) ... in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina ..., the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.
> ...
> (C)(1) ... If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim....

Plaintiffs argue that dismissal pursuant to § 15-36-100 is discretionary and that the purpose of the statute is not lost without an expert witness affidavit because Plaintiffs' claims are valid. This argument is not convincing. The plain language of the statute provides that "the plaintiff ***must file as part of the complaint*** an affidavit of an expert witness" and that "if an affidavit is not filed... the complaint ***is subject to dismissal*** for failure to state a claim." There is no language in the statute that indicates that the requirement to file an expert affidavit is optional. Section 15-36-100 appears to have been enacted in order to prevent the filing of frivolous lawsuits against certain professionals in South Carolina, including attorneys. The expert witness affidavit serves to ensure that claims of professional negligence made against attorneys have some

---

[3]     Further references to S.C. Code Ann. § 15-36-100 shall be by section number only.

validity before filing and alerts the professional to the merits of the claim. The purpose of the statute is not served if the requirement of an expert witness affidavit is optional.

Courts interpreting § 15-36-100 in connection with a motion to dismiss raised by a defendant have dismissed complaints filed without an expert witness affidavit without consideration of whether the allegations of the complaints have merit or whether there are equitable arguments weighing against dismissal. See Rotureau v. Chaplin, No. 2:09-cv-1388-DCN, 2009 WL 5195968, at *6 (D.S.C. Dec. 21, 2009) (dismissing malpractice claim without prejudice as a result of plaintiff's failure to comply with § 15-36-100 by filing an expert affidavit and finding that § 15-36-100 is not a mere "procedural" requirement and is applicable in federal court); Eaglin v. Metts, No. 0:08-2547-TLW-PJG, 2010 WL 1051177, at *8 (D.S.C. Feb. 16, 2010) (finding that a plaintiff could not proceed with a state law claim of negligence against a professional where he failed to file an expert witness affidavit with his complaint). Even if equitable arguments may be considered, the Court finds that the equities in this case weigh in favor of dismissal. This is the second time Steinmetz has failed to file an expert affidavit. His First State Court Action against Defendants was dismissed for failure to file an expert affidavit. Even at the hearing on the subject motion, which occurred more than a month after the Complaint was filed, Plaintiffs did not have expert affidavit to support their claims ready for submission to the Court.

Further, the statute provides two specific exceptions where the affidavit may be filed separate from the complaint, and neither of those exceptions appear to be applicable in this case. First, § 15-36-100(C)(1) states that the contemporaneous filing requirement does not apply to any case in which the period of limitation will expire, or there is a good

6

faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing, where the plaintiff alleges that an expert affidavit could not be prepared due to time constraints. Plaintiffs have not argued that the statute of limitations is due to expire or that the affidavit could not be prepared due to time constraints; therefore, the Court concludes § 15-36-100(C)(1) is inapplicable.

Second, § 15-36-100(C)(2) provides that the contemporaneous filing requirement is not required to support "a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." Plaintiffs argue that some of their allegations come within the common knowledge and experience of a layperson and therefore the affidavit is not required for those allegations. Plaintiffs' legal malpractice claim is based upon allegations that Defendants misadvised the Plaintiffs regarding decisions made during their chapter 11 bankruptcy cases and that Defendants' representation of Plaintiffs in their bankruptcy cases was inadequate, particularly with regard to the settlement of certain claims. Based on its review of the Complaint, the Court is unable to conclude that the allegations contained therein come within the common knowledge and experience of a layperson. Bankruptcy law is a highly specialized practice and the representation of a debtor in a chapter 11 case requires knowledge and experience beyond the common knowledge and experience of most lawyers, let alone laypersons. Accordingly, the Court finds that § 15-36-100(C)(2) is inapplicable.

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' malpractice claim is granted.

## II.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)6)

Defendants further argue the remainder of the claims in the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to set forth facts raising their right to relief beyond the speculative level and to state a claim to relief that is plausible on its face.

Fed. R. Civ. P. 12(b)(6) is made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic, 550 U.S. at 556). Plausibility does not require probability, but does require something "more than a sheer possibility that a defendant has acted unlawfully." Id.

## III.    Intentional Infliction of Emotional Distress

In their Second Cause of Action, Plaintiffs assert that Defendants are liable for the tort of intentional infliction of emotional distress. The essence of Plaintiffs' claim is that despite Defendants' assurances of easy and quick bankruptcy relief based on Defendant Cooper's familiarity and friendship with the bankruptcy judge formerly assigned to their cases, Defendants failed to perform in accordance with those statements. To support this claim, Plaintiffs allege, *inter alia*, that Defendants failed to inform Plaintiffs of a hearing and advised Plaintiffs to sell certain property which allegedly placed Plaintiffs in an

unfavorable position with the United States Trustee. As a result of these actions, Plaintiffs allege that they suffered severe emotional distress.

Under South Carolina law, in order to recover for intentional infliction of emotional distress, a plaintiff must establish the following elements:

1. The defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct;
2. The conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;"
3. The action of the defendant caused plaintiff's emotional distress; and
4. The emotional distress suffered by the plaintiff was "severe" such that "no reasonable man could be expected to endure it."

Argoe v. Three Rivers Behavioral Center and Psychiatric Solutions, 388 S.C. 394, 402, 697 S.E.2d 551, 555 (2010).

Defendants correctly assert that Plaintiffs cannot recover damages for emotional distress in a legal malpractice action. Plaintiffs' emotional distress claim appears to be based upon the same conduct complained of in connection with their malpractice claim against Defendants. Under South Carolina law, it is a general rule that damages for emotional injuries are not recoverable if they are a consequence of other damages caused by the attorney's negligence or a fiduciary breach that was not an intentional tort. See Caddel v. Gates, 284 S.C. 481, 327 S.E.2d 351 (Ct. App. 1984). In Caddel, the court held that damages for mental anguish were not recoverable by a client bringing a malpractice action against her attorney, where the attorney overlooked an easement or other title encumbrance in searching public title records. Id. at 484. The court reasoned that "[a]ttorneys are not trained psychologists or psychiatrists; they cannot be expected to identify latent mental illness or the propensity of a client to lose control of his emotions."

Id. Other courts have also adopted this majority rule. See Boros v. Baxley, 621 So.2d 240 (Ala. 1993) (holding there can be no recovery for emotional distress where legal malpractice does not involve any affirmative wrongdoing but merely neglect of duty); Timms v. Rosenblum, 713 F.Supp. 948 (E.D.Va. 1989) (holding recovery for mental anguish is not permitted in legal malpractice claims absent alleged conduct rising to the level of a separate and independent tort), aff'd, 900 F.2d 256 (4th. Cir. 1990); Long-Russell v. Hampe, 2002 WY 16, 39 P.3d 1015 (Wyo. 2002) (damages for emotional distress not recoverable for incorrect legal advice); Brevon Developers, Inc., et al. v. Phillips, et al., No. 117155, 1993 WL 946386 (Va.Cir.Ct. Dec. 22, 1993) (legal malpractice claims are actions for a breach of contract and damages for emotional distress are not recoverable in an action for breach of contract, absent proof of physical injury or wanton or willful conduct amounting to a separate tort).

Plaintiffs failed to include allegations in the Complaint of intentional conduct on the part of Defendants, which would rise to the level of a separate and independent tort. Moreover, the conduct complained of, even if true, does not appear from the face of the Complaint to be extreme or outrageous or exceeding "all possible bounds of decency," such that it must be regarded as "atrocious, and utterly intolerable in a civilized community." Thus, Plaintiffs fail to state a claim for intentional infliction of emotional distress that is plausible on its face. Accordingly, the Court dismisses Plaintiffs' Second Cause of Action.

### IV.  Breach of Fiduciary Duty

Plaintiffs allege in their Third Cause of Action that Defendants breached their fiduciary duty. The Court notes that "when...the same operative facts support actions for

legal malpractice and breach of fiduciary [duty] resulting in the same injury to the client, the actions are identical and the latter should be dismissed as duplicative." Doe v. Howe, et al., 367 S.C. 432, 626 S.E.2d 25, 33 n. 27 (S.C.Ct.App. 2007) (quoting Majundar v. Lurie, 653 N.E.2d 915, 921 (1995)); see also Cf. General Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP, 357 F.Supp.2d 951, 961-62 (E.D.Va. 2005) (holding that claims for breach of contract and breach of fiduciary duty were "mere disguises for the plaintiffs' legal malpractice claims"); O'Connell v. Bean, 556 S.E.2d 741 (Va. 2002) (finding claims for constructive fraud and breach of fiduciary duty, "though sounding in tort, [were] actions for breaches of the implied terms of [the attorney-client] contract"); Teague v. Isenhower, 579 S.E.2d 600, 602 n.1 (N.C.Ct.App. 2003) ("[A] breach of fiduciary duty claim is essentially a negligence or professional malpractice claim.")

In their Complaint, Plaintiffs listed essentially identical facts in support of their breach of fiduciary duty claim as they did for their legal malpractice claim. As discussed above, the Court found that dismissal of Plaintiffs' cause of action for legal malpractice was appropriate due to Plaintiffs' failure to file an expert affidavit in compliance with § 15-36-100. To allow Plaintiffs to state a claim for breach of fiduciary duty based on the same facts would merely allow a way around the requirement of an expert affidavit under § 15-36-100. In light of above cases, the Court finds that Plaintiffs' cause of action for breach of fiduciary duty should be dismissed as duplicative of Plaintiffs' legal malpractice claim.

V.     **Fraud and Misrepresentation.**

In their Fourth Cause of Action, Plaintiffs assert that Defendants are liable for fraud and misrepresentation. To prevail on a cause of action for fraud, a plaintiff must

prove by clear and convincing evidence the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity of reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. Moseley et al v. All Things Possible, Inc., 388 S.C. 31, 35-36, 694 S.E.2d 43, 45 (Ct.App. 2010). "The failure to prove any element of fraud or misrepresentation is fatal to the claim." Schnellmann v. Roettger, 373 S.C. 379, 645 S.E.2d 239, 241 (2007). The Court further notes that to the extent there are any allegations of fraud, those allegations must satisfy the heightened standard of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), which requires a pleader to "state with particularity circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Fourth Circuit Court of Appeals has held that "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" are the circumstances that must be plead with particularity. U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). By requiring a plaintiff to plead circumstances of fraud with particularity and not by way of general allegations, Rule 9(b) screens "fraud actions in which all the facts are learned through discovery after the complaint is filed." Harrison, 176 F.3d at 789.

Plaintiffs' fraud allegations fail to support a claim for fraud or misrepresentation under South Carolina law. Plaintiffs alleged in their Complaint that Defendants made representations that Defendant Cooper knew the bankruptcy judge and helped her get her

seat on the Bench, that his familiarity and friendship would influence the court proceedings, that the bankruptcy proceeding would be easy and quick, that Defendants were experts, that Plaintiffs could sell property in order to have money during the bankruptcy case, and that Defendants could handle the contractor and subcontractor claims so Plaintiffs did not need to hire separate counsel. Except for the allegation that Plaintiffs could sell property, the allegations essentially consist of Defendants' making a promise and then failing to fulfill that promise. "A mere unfulfilled promise to do an act in the future cannot support an action for fraud." See Helena Chemical Co. v. Huggins, 2008 WL 4908463, *7 (D.S.C. 2008); see also Woodward v. Todd, 270 S.C. 82, 240 S.E.2d 641, 643 (1978) (fraud must relate to a present or preexisting fact, and cannot be predicted on unfulfilled promises or statements as to future events), Foxfire Village, Inc. v. Black & Veatch, Inc., 304 S.C. 366, 404 S.E.2d 912, 917 (Ct.App. 1991). The same standard applies to Plaintiffs' claim of misrepresentation. See Sauner v. Public Serv. Auth. of South Carolina, 354 S.C. 397, 581 S.E.2d 161, 166 (2003) ("Evidence of a mere broken promise is not sufficient to prove negligent misrepresentation."); Koontz v. Thomas, 333 S.C. 702, 511 S.E.2d 407, 413 (Ct.App. 1999) (stating, to be actionable as a misrepresentation, the representation must relate a present or pre-existing fact and be false when made).

With respect to the allegation that Defendants' represented that Plaintiffs could sell property in order to have money during the case, a cause of action for fraud or misrepresentation based on this allegation has not been pled with sufficient particularity. Specifically, Plaintiff has not alleged when this alleged representation was made or what Defendants obtained by virtue of making this representation. U.S. ex rel. Wilson v.

Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (holding that the complaint must include allegations regarding the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" in order to satisfy the particularity requirement). The timing of the representation may be critical in determining whether this representation was false or misleading at the time it was made.

For the foregoing reasons, the Court dismisses Plaintiffs' cause of action for fraud and misrepresentation.

## VI. Negligence

Finally, Plaintiffs' Fifth Cause of Action for Negligence must also be dismissed for the same reasons set forth in regard to Plaintiff's Legal Malpractice claim. Plaintiffs' allegations relate to Defendants' actions taken in a professional capacity as attorney for Plaintiffs. Similar to Plaintiffs' Breach of Fiduciary Duty claim, the negligence claim is duplicative of Plaintiffs' legal malpractice claim. Since the essence of Plaintiffs' Fifth Cause of Action is a claim for professional negligence against a professional licensed by the state of South Carolina, South Carolina law requires that Plaintiffs file an affidavit of an expert witness. See S.C. Code Ann. § 15-36-100; see also In re Millmine, No. 3:10-1595-CMC, 2011 WL 317643 (D.S.C. Jan. 31, 2011) (dismissing a negligence action for failure to file an expert affidavit, finding that the negligence action was an action for medical malpractice because is arose from injuries resulting from negligent medical treatment and thus an expert affidavit was required to be filed under S.C. Code § 15-36-100). As no such affidavit was filed, Plaintiffs' negligence claim is dismissed.

## VII. Standing

The Trustee asserts the causes of action alleged in the Complaint are property of the estate, and therefore, the Plaintiffs do not have standing to bring such claims. In response, Plaintiffs assert that these claims belong to the Plaintiffs personally because the conduct giving rise to the claims occurred post petition and the claims did not exist as of the commencement of the cases.

When a bankruptcy case is commenced, all of the debtor's assets are transferred by operation of law into a bankruptcy estate, which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Property of the estate includes causes of action belonging to the debtor at the time the petition is filed. Id.

Plaintiffs assert that these causes of action did not exist in February 2007 when they filed their voluntary petitions because the causes of action are based upon post petition conduct. The Trustee argues that the causes of action asserted by Plaintiffs are sufficiently rooted in pre-petition events to be considered property of their estates, citing In re Strada Design Assoc., Inc., 326 B.R. 229 (Bankr S.D.N.Y. 2005) (finding that malpractice claims based in part on post petition activities had sufficient roots in the debtor's pre-bankruptcy activities to warrant inclusion in their estates) and O'Dowd v. Treuger (In re O'Dowd), 233 F.3d 197 (3d Cir. 2000) (finding that a post petition malpractice claim was property of the estate because it was traceable to pre-petition conduct and was also property of the estate under § 541(a)(7) because the estate itself suffered harm from the post petition conduct).

It appears from the Complaint that Plaintiffs' claims are based upon both pre-petition and post petition conduct of the Defendants. As to Plaintiff Steinmetz, it is

unnecessary to decide whether the post petition conduct was sufficiently related to the pre-petition conduct to be considered property of the estate because, pursuant to 11 U.S.C. § 1115, property of the estate in an individual chapter 11 case also includes, in addition to the property specified in § 541, "all property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13, whichever occurs first." Under § 1115(a)(1), it appears that even a post petition malpractice claim would constitute property of the estate in Plaintiff Steinmetz's individual chapter 11 case, so long as it accrued before the case was closed, dismissed, or converted.

Section 1115(c) allows the debtor to remain in possession of all property of the estate, except where a chapter 11 trustee is appointed pursuant to 11 U.S.C. § 1104. See 11 U.S.C. § 1115(c). When a trustee is appointed in a chapter 11 case, the trustee becomes the estate's sole representative. 11 U.S.C. § 323 ("The trustee in a case under this title is a representative of the estate."). Since Plaintiff Steinmetz's claims are property of the estate, the Trustee appears to be the party with standing to assert such claims. In re Taub, 439 B.R. 261, 272 (Bankr. E.D.N.Y. 2010) (stating that once a chapter 11 trustee is appointed, a debtor lacks standing to bring an adversary proceeding or otherwise assert claims on the estate's behalf).

With respect to Plaintiff ACC Builders, LLC, § 1115(a)(1) would not be applicable because it is not an individual. However, based on the allegations of the Complaint, the Court finds that the post petition conduct was sufficiently rooted in the alleged pre-petition conduct to be considered property of the estate. The post petition conduct alleged in the Complaint primarily includes actions taken by Defendants to

address certain claims during Plaintiffs' bankruptcy cases, including the claims of Steele Construction, Economy Drywall, and Sareault Plumbing.[4] According to the Complaint, Plaintiffs came to Defendants for the purpose of seeking advice on how to handle the claims made by these creditors and how to overcome their financial hardship resulting from these claims. The Complaint alleges that Defendants made certain representations and assurances to Plaintiffs, prior to the filing of the bankruptcy cases, including those representations made at the initial client meeting on January 31, 2007, regarding their ability to address the claims of these creditors. The Complaint further alleges that Plaintiffs and Defendants negotiated a fee agreement where Plaintiffs would pay Defendants $14,000 "to begin the Bankruptcy proceeding and to end the claims made by the contractor and subcontractors who worked on the apartment building." Plaintiffs allege that they retained Defendants based on such representations and assurances made pre-petition regarding their ability to address these claims. Thus, it appears that any post petition conduct on the part of Defendants to address these claims is sufficiently traceable to Defendants' pre-petition conduct, and therefore, Plaintiffs' claims based on such conduct should be considered property of the estate. Moreover, to the extent that these claims were improperly handled during the bankruptcy cases, any damage caused by the mishandling of claims would have been inflicted upon the Estates and their creditors, and the claims based upon such conduct would be property of the estate pursuant to 11 U.S.C § 541(a)(7). See 11 U.S.C. § 541(a)(7) (providing that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case").

---

[4] These entities are referred to in the Complaint as "the contractor and subcontractors," who worked on the apartment building constructed by ACC Builders, LLC.

Plaintiffs cite In re Rivera v. Cosby, 279 B.R. 728 (N.D.Ohio 2007) in support of their argument that their claims are not property of the estate. In Rivera, the bankruptcy court held that a post petition legal malpractice claim against his state court personal injury attorney could have no conceivable effect on the bankruptcy estate and thus did constitute property of the estate. The Rivera case is distinguishable because it was a chapter 7 case and, unlike this case, it involved a malpractice claim unrelated to the bankruptcy case. Plaintiffs also cite In re Doemling, 127 B.R. 954 (W.D. Penn. 1991), where the bankruptcy court determined that an individual chapter 11 debtor's tort claim arising from an action that occurred five months after the bankruptcy petition was filed was not property of the estate. Similar to Rivera, the Doemling case is distinguishable because it involved a tort claim unrelated to the bankruptcy case. Furthermore, the Doemling case was decided prior to the enactment of 11 U.S.C. § 1115, and no similar provision allowing post petition property of a chapter 11 debtor to be included in "property of the estate" was in effect at that time.

The Court finds that Plaintiffs' reliance on the foregoing cases is misplaced, and concludes that the claims set forth in the Complaint are property of the estate under § 541 and § 1115. Therefore, Plaintiffs' lack standing to bring such claims, and the present Complaint should be dismissed on this ground. The Trustee may have standing to assert such claims.

## CONCLUSION

Based on the foregoing and due to Plaintiffs' repeated failures to meet essential requirements of the law, which has caused delay, prejudice, and damages to Defendants, the Motion to Dismiss is granted, Plaintiffs' Motion to Amend Complaint is denied, and

          Document      Page 19 of 19

the Complaint is dismissed with prejudice as to the Plaintiffs. If the Trustee wishes to take any further action regarding these or similarly based claims or other action in these bankruptcy cases, he shall take such action within 21 days of the entry of this order, or the chapter 11 cases shall be re-closed.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
March 18, 2011